UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA CHAVEZ,<br>    Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:25-cv-01858 (JCH) |
| v. | :<br>:<br>: | |
| CVS PHARMACY, INC, ET AL<br>    Defendant. | :<br>: | FEBRUARY 18, 2026 |

**RULING ON MOTION TO REMAND (DOC. NO. 19)**

**I.     INTRODUCTION**

The plaintiff, Maria Graciela Chavez, has filed a Motion to Remand to return the case back to the Superior Court for the State of Connecticut, Judicial District of Fairfield at Bridgeport.  See Memorandum in Support of Motion to Remand to the Superior Court for the State of Connecticut, JD of Fairfield At Bridgeport ("Mot. to Remand") (Doc. No. 19-1).  The case involves allegations of personal injuries suffered by the plaintiff as a result of an incident inside a CVS retail store.  See Id.  The defendants, CVS Pharmacy, Inc.; Connecticut CVS Pharmacy L.L.C.; Dean Wasilewski, and Daniel Anthony DeCarlo oppose the Motion.  See Defendants' Objection to Plaintiff's Motion to Remand ("Def. Opp'n") (Doc. No. 20).

For the reasons stated below, the court grants the Motion.

**II.    BACKGROUND**

This action is for personal injuries suffered by the plaintiff as a result of an incident which took place within a CVS retail store located in Fairfield, Connecticut.  See Mot. to Remand at 2.  The Superior Court action names four defendants: CVS Pharmacy Inc., Connecticut CVS Pharmacy, L.L.C., Dean Wasilewski, and Daniel DeCarlo III.  See Id.  Mr. Wasilewski is alleged to have been the store manager and Mr.

1

DeCarlo is alleged to have been the pharmacy manager at the time of the incident. The plaintiff alleges that both individual defendants are residents of Connecticut. See Id. at 2-3.

## III. LEGAL STANDARD

Pursuant to section 1441 of title 28 of the U.S. Code, a case may be removed to federal court based on diversity of citizenship when the requirements of section 1332 are satisfied. See 28 U.S.C. section 1441(a)-(b). The federal district courts shall have original jurisdiction of a civil action when the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs, and when the case is between citizens of different states. See 28 U.S.C. section 1332(a). A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. See 28 U.S.C. section 1441(b)(2).

## IV. DISCUSSION

The plaintiff argues that the case should be remanded back to the Superior Court. See Mot. to Remand at 1. Specifically, the plaintiff argues: "(1) there is no diversity of jurisdiction; (2) there is no federal question; and (3) the affidavits filed by the Defendants are analogous to support seen in a motion for summary judgment inappropriately masked as a basis for removal." Id. at 2.

The defendants argue that removal of this action to federal court is proper because: (1) the requirements of diversity jurisdiction under sections 1332 and 1441 of title 28 of the U.S. Code are satisfied; (2) the sworn statements by the individual defendants provide jurisdictional facts; and (3) improper joinder. See Def. Opp'n at 4-6. They contend that the plaintiff improperly joined individual defendants Dean Wasilewski

and Daniel Anthony DeCarlo solely to defeat diversity jurisdiction,[1] and that once those defendants are dismissed, complete diversity exists and the amount in controversy exceeds $75,000.  Id.

The court concludes the plaintiff, Maria Chavez, is correct.  This matter must be remanded back to the Superior Court due to a lack of complete diversity jurisdiction.  Complete diversity is required for original jurisdiction, and the matter must be between citizens of different States.  See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005).  Both the plaintiff and the individual defendants are residents of Connecticut.  See Mot. to Remand at 2; Def. Opp'n at 2-3.

The defendants argue for improper joinder, but they fail to meet their burden by showing that there is no possibility a state court could find the individual defendants liable.  See Kuperstein v. Hoffman-Laroche, Inc., 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) ("The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff. To meet this burden, the defendant must demonstrate, by clear and convincing evidence . . . .").  The defendants offered sworn statements alleging that one manager had no responsibility over the sales floor and the other manager was not present at the time of the incident.  See Exhibit G at 1, Ex. I at 1.

However, under Connecticut law, a store manager may be held liable for tort cases.  See Morillo v. Burlington Coat Factory, of Connecticut, LLC, No. 3:17-CV-00733 (VLB), 2017 WL 3715245, at *4 (D. Conn. Aug. 29, 2017).  The plaintiff has alleged that

---

[1] The reason for a plaintiff's joinder of a defendant is irrelevant to the issue before the court.  See Kuperstein v. Hoffman-Laroche, Inc., 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).  If even one of the plaintiff's claims against a non-diverse defendant can survive, the action must be remanded.  Id.

3

the two individual defendants were responsible for managing and maintaining the store. See Mot. to Remand at 2-3; Complaint at p. 22, ¶ 1-8 (Count Three: As to Dean Wasilewski); Complaint at p. 28, ¶ 1-8 (Count Three: As to Daniel DeCarlo III). Unlike Mr. Wasilewski who argues that he was not present at the premises of the day in question, Mr. DeCarlo is silent as to his presence at the store on the date of the incident. If Mr. DeCarlo was present in the store at the time of the incident, the defendants have not come forth with "clear and convincing" evidence, Kuperstein, 457 F. Supp. at 470, that he did not see the risk nor was he on constructive notice of it. See DiPietro v. Farmington Sports Arena, LLC, 306 Conn. 107, 117 (2012).

## V.     CONCLUSION

For the reasons stated herein, the court grants the Motion to Remand (Doc. No. 19). The Clerk is directed to remand this case to the Superior Court for the State of Connecticut, Judicial District of Fairfield at Bridgeport.

**SO ORDERED.**

Dated at New Haven, Connecticut this 18th day of February 2026.

       /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge